# LANSBURGH

## *v.*

# THE DISTRICT OF COLUMBIA.

---

### EJECTMENT; DEDICATION OF LAND; ESTOPPEL.

1. The action of ejectment being a possessory action, the plaintiff to recover must have the right of possession, and whatever takes away this right of possession will defeat a recovery.

2. A letter of a property owner to the Commissioners of this District authorizing them to proceed with the widening of a certain road upon which his property abuts, and promising to thereafter execute a deed of the land used for the purpose, is not mere evidence of an intention to make a dedication by deed, but is in itself a sufficient dedication, and will when accepted and acted upon by the Commissioners, estop the property owner from claiming and recovering possession of the land.

3. In such a case, the actual occupation of the land and its preparation for the public use, is a sufficient acceptance of the dedication.

No. 436.   Submitted January 8, 1896.   Decided February 3, 1896.

HEARING on an appeal by the plaintiff from a judgment on verdict in an action of ejectment.   *Affirmed.*

The COURT in its opinion stated the case as follows :

This is an appeal from a judgment in an action of eject-
ment, brought by the appellant, Max Lansburgh, to recover
the possession of a strip of land now included in and made
a part of Columbia road.   The defendant, the District of
Columbia, entered a plea of not guilty.

On the trial, it was conceded that the title to the land in
controversy was in the plaintiff at the time it was taken by
the defendant for the purposes of a public road, and the
plaintiff rested.

The defendant's evidence tended to show the following
facts: Columbia road was, prior to 1887, a macadamized
public road, thirty-three feet in width.   Some of the abut-
ting property owners wished to have the road widened and
improved, and about that time began proceedings for that
purpose.   Plaintiff joined in the movement, and agreed,
with others, to donate the necessary strip from his abutting
land. · A written application, signed by the ·plaintiff and
others, was made to the Commissioners, requesting the
widening of the way to 100 feet between certain points.
In this a dedication was made of the necessary land.   This
was received and filed April 28, 1887.

Certain orders were made by the Commissioners with a
view to widening the road; but the matter was not per-
fected because of certain objections not necessary to be de-
tailed.   In the spring of 1888 an effort was again made by
parties interested to have the road widened.   George
Truesdell and William Tindall were specially active in the
matter, and, with some others, made deeds dedicating the
land, and the work was begun.   When the curb was laid
as far as plaintiff's land, the District Superintendent of
Roads declined to go on because he learned that the plain-
tiff had not made a deed.

Plaintiff lived in Baltimore, and Truesdell and Tindall
went to see him May 15, 1888, to procure the deed that he
had formerly promised.   They carried a blank deed with
them for his signature.   Plaintiff made no objection to
signing the deed, but it was too late to obtain a notary to

take his acknowledgment. Plaintiff said that he was going away the next day, and would execute and return the deed when he came back. Being then informed that the work was waiting upon his deed, or a written promise that he would make one, he wrote the following letter, and delivered it to them for delivery to the Commissioners:

"1846 MADISON AVENUE,
"*Baltimore*, May 15, 1888.

" To the Commissioners of the District of Columbia:

" GENTLEMEN : You may proceed with the improvements of Columbia road, and on my return from Quantico I will execute the deed for the sixteen and one-half feet strip for the widening of said road.

" Very respectfully,
(Signed)      " MAX LANSBURGH."

The letter was delivered the next day, and the work proceeded. A curb was laid and a gutter also at a considerable cost, and trees were planted along the street as widened.

Plaintiff gave a different version of the interview leading to the letter aforesaid. He said that the parties agreed to have his property graded and to stipulate that the land should revert to him in event the whole road was not widened within a year. They also represented, untruly, that all other owners except one had made a like donation. He produced the deed left with him, which is evidently the same prepared for execution in 1887, and which he had not signed then. It was still unsigned. The grant is to William Tindall for the purpose of widening the road, and contains a condition that if the grantee shall use the land for any other purpose, it shall revert to the grantor. A further condition was interlined in the foregoing, as follows : " Or if the said Columbia road shall not be widened between Boundary and Nineteenth street extended, to sixty-six feet within one year from the date of this deed." He said that he would not sign it without consulting counsel, and retained it for that purpose. He denied that he was informed that the work had been commenced and then stopped in order to procure his grant.

For the defendant, in rebuttal, Truesdell and Tindall positively denied plaintiff's statements with regard to the representations made him, and testified to perfect fairness in procuring the letter.

Plaintiff admitted that he saw the improvements after they had been made. It does not appear when he first denied the effect of the letter of dedication ; but in the record of the proceedings of the Commissioners, under date of October, 26, 1888, he is recorded as saying that he would withdraw his consent to taking his land because the Commissioners had agreed to grade his land and had failed to do so. The record proceeds to say that the Commissioners denied this.

The substantial effect of the entire charge of the court was that plaintiff's letter of May 15, 1888, if acted upon by the Commissioners, was a sufficient dedication of the land to public use, from which, after the occupation and improvements thereof, and the expenditure of money thereon, the plaintiff could not withdraw, and that the verdict should be for the defendant unless it appeared that the letter was procured through fraudulent representations, as testified to by the plaintiff.

Plaintiff offered a special prayer, which the court refused, to the effect that if the dedication was to be consummated by the delivery of a deed, as therein described, then the letter did not have the effect of a dedication. Exception was duly taken to that part of the charge substantially stated above. The jury found for the defendant, and from judgment on that verdict plaintiff has appealed.

*Mr. John C. Fay* and *Mr. W. C. Prentiss* for the appellant :

1. The claimed dedication or donation was to be consummated by deed. The letter of Lansburgh, if anything, was not a dedication, *i. e.*, a grant of an easement, but evidence of an intention to make a *donation*, *i. e.*, a convey-

ance of a fee-simple title, if the conditions existed that he was led to believe did exist, to wit, that the rest of the owners had donated.    The idea of dedication must rest on the *clear assent* of the owner, and not on words equivocal, uncertain, or ambiguous.    The act must be voluntary, not coerced.    *Irwin* v. *Dixion*, 9 How. 30 ; Angell on Highways, 113, 116 ; 2 Dillon on Munic. Corp., sec. 499 and cases cited.

2. The dedication, if evidenced by the letter, was not accepted by the public.    The Commissioners had no authority to accept a dedication.    They were merely officers of a municipal corporation (20 Stat. 102 ; *Barnes* v. *District of Columbia*, 91 U. S. 540), without authority to act for the public generally.    Angell on Highways, 137, 141 ; 1 R. I. Rep. 93.    Authority to make the State or municipality responsible for the maintenance of the highway and liable for negligence therein is a necessary accompaniment and element of the authority to accept a dedication.    Angell on Highways, 135 *et seq.*    Dillon on Mun. Corp., sec. 505 and cases cited.    Such power is not given by the act of 1878, and did not exist before.    Because it carries the burden of responsibility, special legislation is necessary to create it, and there had been no such legislation.    Not only is no such power conferred on the Commissioners, but it is expressly denied in the act of 1878.

3. The Commissioners never accepted or acted upon the letter.    There could have been no acceptance until the Commissioners determined to widen the road and fixed a definite route.    Angell on Highways, 141; *Simmons* v. *Cornell*, 1 R. I. Rep. 519.    Before final determination to do so, Lansburgh withdrew his letter.

4. There was no estoppel of Lansburgh from denying acceptance.    The fact that work was done does not evidence an acceptance or create an estoppel, particularly as the Commissioners had no authority to expend the public money in widening the road.    Dillon on Mun. Corp., sec. 505 ; *State* v. *Bradbury*, 40 Maine, 154.

5. Lansburgh's consent was conditional upon the road being widened within one year; that condition is expressly made in the deed and, that having failed, the pretended dedication failed. The road was not widened within one year, nor has it yet been lawfully widened. Condemna. tion proceedings having failed, the land attempted to be taken is no part of the highway, and the road remains of the original width.

6. The District of Columbia acquires no title or right to possession by dedication. If the letter was a lawful dedication, the District of Columbia obtained no title or right to possession, and plaintiff was entitled to judgment. In the absence of a deed· dedication amounts only to the grant of an easement or servitude. Angell on Highways, 104. The fee and right to possession remain in the citizen, subject to the easement only. If the citizen obstruct the public use, the remedy is abatement of the nuisance, but he is entitled to possession and may maintain ejectment. Angell on Highways, 365; *Goodtitle* v. *Alker*, 1 Burr. 133; *Peck* v. *Smith*, 1 Conn. 135. The District of Columbia stands in the same relation as a citizen. The United States are the public.

*Mr. Sidney T. Thomas*, Attorney for the District of Columbia, and *Mr. Andrew B. Duvall*, Assistant Attorney, for the appellant:

Where the conduct of an owner of land is such as clearly indicates an intention to dedicate, and the public, or private persons, have acted upon his conduct, and have acquired valuable rights which would be lost by an interruption of the enjoyment of the way, he cannot by subsequent acts or declarations impair the rights of the public nor take away those of the persons who have relied upon his conduct. This doctrine of equitable estoppel is applicable in cases at law. *Dickerson* v. *Colgrove*, 100 U. S. 578; *Kirk* v. *Hamilton*, 102 U. S. 68.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. The first point of the appellant is, that granting the effect of his letter to be a valid dedication to the public use as part of the highway, still, it did not convey his title to the land itself, or his right to the possession thereof; and that, the defendant having admitted his title to the land, the possession of which he sought to recover, he was entitled to judgment. He contends that the court treated the letter as, in effect, a conveyance of the land itself, instead of a mere easement therein, thereby barring his recovery.

Without pausing to consider the effect of the failure of appellant to make this point below, we hold that it is not well taken.

This is not the case of a suit by the owner of land, with a highway upon it, against a trespasser holding adversely to the owner as well as to the public right. In such case, it may be that the owner of the fee could recover possession in ejectment, subject to the public easement, and there is much authority in support of his right to do so.

Here, however, he seeks recovery of the District of Columbia, the authorities of which are charged by law with the construction, maintenance and regulation of the highway for the benefit of the public. The possession of the District is of that character only, under the right conferred by plaintiff's letter authorizing the public use. It claims nothing more than the right to keep the road, or street, open for public use as a highway, as widened by the inclosure of his strip of land.

The old county road, thirty-three feet in width, became in course of time one of the thoroughfares of the city of Washington. Adjacent owners (plaintiff among others) and the Commissioners agreed that it was for the public benefit to widen the old road into a modern city street. Possession of the strip of land was taken under the authority given in the plaintiff's letter. It was included in the street,

improved as a part thereof, and separated from the remaining land by a permanent curb.

That possession, in direct accord with the dedication made by the plaintiff to the public use and taken for the purpose and to the extent, only, of improving and maintaining the street and regulating its use and enjoyment as such by the public, must necessarily be exclusive of any interference on the part of the plaintiff, or the exercise by him of any right inconsistent therewith.   *City of Cincinnati* v. *White*, 6 Pet. 431, 441.   In that case the owners of the land made a plan for the town, reserving the lot of land in controversy, lying along the river front, for the use of the public.   This was some years before the incorporation of the city of Cincinnati, embracing the premises.   The owner of the legal title brought an action of ejectment against the city.   His contention, as stated by the court, was, "that the lessor of the plaintiff has shown the legal title to the premises in question in himself, which is enough to entitle him to recover at law ; and that the defendants' remedy, if any they have, is in equity."

To that contention the court answered : "We do not accede to this doctrine.   For should it be admitted, that the mere naked fee was in the lessor of the plaintiff, it by no means follows that he is entitled to recover possession of the common in an action of ejectment.   This is a possessory action, and the plaintiff, to entitle him to recover, must have the right of possession ; and whatever takes away this right of possession, will deprive him of the remedy by ejectment."   Again, it was said (page 443): "The purpose for which the action is brought, is not to try the mere ab stract right to the soil, but to obtain actual possession ; the very thing to which the plaintiff can have no exclusive or private right.   This would be utterly inconsistent with the admitted public right.   That right consists in the uninterrupted enjoyment of the possession.   The two rights are therefore incompatible with each other, and cannot stand together.   The lessor of the plaintiff seeks specific relief.

and to be put into the actual possession of the land.   The very fruit of his action, therefore, if he avails himself of it, will subject him to an indictment for a nuisance ; the private right of possession being in direct hostility with the easement or use to which the public are entitled ; and as to the plaintiff's taking possession subject to the easement, it is utterly impracticable."

2. The letter of the plaintiff to the Commissioners was not, as contended, mere evidence of an intention to make a donation by deed, and inoperative until carried into execution in that way.   It was, in itself, a sufficient dedication to the use applied for, and when accepted and acted on by the Commissioners, as shown by the evidence, worked a complete estoppel. *Morgan* v. *Railroad Co.*, 96 U. S. 716. And it is well settled that an equitable estoppel of this nature is available as a defence at law as well as in equity.   *Dickerson* v. *Colgrove*, 100 U. S. 578 ; *Kirk* v. *Hamilton*, 102 U. S. 68 ; *Drexel* v. *Berney*, 122 U. S. 241, 253 ; *Cincinnati* v. *White*, 6 Pet. 431, 438.

3. At the time of the dedication under consideration, the Commissioners were possessed generally of the powers and duties that had been conferred upon former District governments, with respect to streets and highways in general. Among these was the power to widen existing roads to not more than one hundred feet.   R. S. D. C., sec. 250.

The widening of Columbia road was therefore within their power and discretion, and they were the proper persons to receive dedications of land for the purpose.   No act of Congress was necessary, and it is immaterial, so far as the plaintiff is concerned, whether there was, or was not, an express appropriation of money for the purpose.

Notwithstanding the authorities cited by the appellant, it may well be doubted whether, as against the right of the owner to retract a dedication once formally made to public use, it is necessary that there shall have been a formal acceptance by the public authorities, in any case.   Probably the question would turn upon the peculiar circumstances of

each particular case, and not be controlled by a single general rule. We can conceive a marked distinction between the right of the owner to bind the public authorities by his dedication to public use, in so far as to make it their duty to accept and repair a highway and also to render them liable for failure to do so ; and the right of the public authorities to prevent retraction by the owner whenever, in their judgment, the wants or convenience of the public might require. These questions, however, do not properly arise here, and need not be decided or further noticed.

It is true, there was no formal acceptance of the plaintiff's dedication. The Commissioners made no reply to the plaintiff's letter. It is apparent, from his letter, that a formal reply was neither required nor expected. But an acceptance may, in all cases, be implied from conduct and be as effectual as one expressly made.

Unquestionably, one of the best and surest indications that the dedicating owner or the general public can have of acceptance by the public authorities, is the actual occupation and construction or repair of the road or street by them. 2 Dillon Municipal Corp., sec. 642 ; Elliott, Roads and Streets, pp. 115, 116. The evidence showed that the defendant, immediately upon the receipt of plaintiff's letter, took possession of the strip of land, included it in the highway, and spent considerable money in preparing it for the public use to which it had been dedicated.

These acts, performed immediately after the receipt of plaintiff's letter, and in strict accordance therewith, were amply sufficient to estop his recovery of the land ; and the court was right in so charging the jury.

*The judgment must be affirmed, with costs to the appellee. And it is so ordered.*